| DR. ADOLPH JACOBS | : | NO. 8221 |
|---|---|---|
| versus | : | COURT OF APPEAL |
| ELIAS SINGER | : | PARISH OF ORLEANS |

WILLIAM A. BELL, JUDGE:

BY: WILLIAM A. BELL, JUDGE:

The plaintiff in this suit, Dr. Adolph Jacobs, seeks to recover the sum of $125 for alleged value of professional services rendered by plaintiff, who performed a surgical operation on Mrs. Elias Singer, wife of defendant, on or about October 31st, 1917. There was judgment in the Lower Court for the amount as prayed for.

Defendant admits the employment of plaintiff, but claims that under a specific contract it was agreed that plaintiff would only charge $50 for his services, and it is alleged and sworn to by defendant in his answer, that no money was to be paid to plaintiff until defendant's wife had fully recovered her health - in other words, it is contended as a matter of defense that plaintiff guaranteed a successful termination of the operation.

There is no defense that the services rendered were unsatisfactory, or that plaintiff failed to perform the operation with professional skill, nor is there any damages claimed by defendant from the plaintiff. Quite a large portion of the evidence in this case could have been rightly excluded, because wholly irrelevant, in that it related to the nature of the operation, the method of treatment, the care and attention, etc., given before and subsequent to the operation. The issues in the case do not involve any of these questions, and the whole case turns on the fact whether plaintiff, before the operation, ever agreed to perform the same for a fixed sum, or whether there was any guarantee as to the results of the operation. In other words, the suit is brought upon the quantum meruit, for services rendered, and defense thereto is alleged specific contract as to the value and the guaranteed results of the service. There

are no reasons for judgment, but the Judge of the Lower Court, after seeing and hearing the witnesses in this case, found for the plaintiff.

We have carefully examined the record and all the testimony therein. The defendant and a Mrs. Witcoff, a friend of the family, testify in support of defendant's contention, each of them swearing that another doctor had previously agreed to perform the same operation for the sum of $50, but the plaintiff being a doctor for a benevolent association to which the defendant also belonged, he (defendant) was entitled to medical services for his wife as well as himself, and decided to ascertain at what price the plaintiff would undertake to perform the surgical operation desired. To this effect, these two witnesses stated that plaintiff was consulted by Mrs. Singer in the absence of her husband, but in the presence of Mrs. Witkoff, and that the doctor advised the patient that she was suffering from chronic adhering appendix and lacerated peritoneum, and that the operation was neither dangerous nor uncommon, and would very likely give her permanent relief. There was no guarantee as to results, nor was any demand made for payment in advance of the operation, in fact, the plaintiff declares in his testimony, that he did not guarantee anything at all, and that his arrangements were made with Mrs. Singer herself, and that no one else spoke to him about it.

The fairness of the fee is testified to by three doctors, one of whom is the physician whom it was claimed previously agreed to do the same, or practically the same operation, for the sum of $50. The plaintiff states that he had no knowledge of the fact that any doctor had agreed to perform this service for $50. All of the three physicians testifying as to the value of the services say that the fee was a very reasonable one. Plaintiff denies that he ever made an agreement with Mrs. Singer in the presence of Mrs. Witkoff to perform these services for the sum of $50.

The evidence shows the plaintiff to have been a practicing physician and surgeon for the past ten years, that he was for over two years an interne in the Charity Hospital, where he also served as house surgeon for another year and a half, during which time he had unusual surgical experience, rendering him fully qualified to perform the services contracted for.

While it is alleged in defendant's answer, as above stated, that plaintiff agreed with defendant that no charge would be made unless the operation was successful, we find that when defendant testifies, he avoids this subject industriously, and that no part of his testimony is given in support of this sworn allegation in his pleadings.

The testimony of Dr. Coleman and Dr. Wolff shows that the death of the patient, three days after the operation, was probably from anesthetic pneumonia, and was not caused by any known defects or carelessness in the operation.

There is some conflicting testimony to the effect that after the operation and after the claim had been placed by plaintiff in the hands of Notary Weil for collection, that plaintiff agreed to accept the sum of $50, but all of this is particularly denied by plaintiff and one of his attorneys in this proceeding, taking the stand corroborating plaintiff's denial of this fact. The whole case hinges on the credibility of the witnesses; there are no questions of law involved, and in the absence of extreme variance between the findings of the court and the testimony adduced, we are compelled to follow the conclusions of fact reached by the Trial Court.

For these reasons, it is ordered, adjudged and decreed that the judgment herein appealed from be, and the same hereby is affirmed, at defendant's cost in both courts.

JUDGMENT AFFIRMED.